UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter J. Bazil, | Civil No. 11-1206 (SRN/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage FSB; Wachovia Mortgage, FSB, a North Carolina corporation; MERSCORP, Inc., a Delaware corporation; *et al.*, | |
| Defendants. | |

David J. Wymore, and Jesse H. Kibort, Daniels & Wymore, PLLC, 3165 Fernbrook Lane North, Plymouth, MN 55447, for Plaintiff.

Charles F. Webber, and Erin L. Hoffman, Faegre & Benson LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402-3901, for Defendants Wells Fargo Bank, N.A., and MERSCORP, Inc.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Peter J. Bazil's motion for a preliminary injunction (Doc. No. 16). For the reasons stated below, this Court denies the motion without prejudice.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff originally filed this action in state court on April 4, 2011, alleging various improprieties with respect to the financing of residential property he purchased. He then filed an amended complaint on April 8, 2011, adding Defendant MERSCORP, Inc. as a party. (Doc. No. 1.) On May 6, 2011, MERSCORP, with the consent of Defendants

Wells Fargo Bank, N.A. (and Wachovia Mortgage, FSB, which had been acquired by Wells Fargo after Wachovia issued the mortgage loan to Bazil), removed the action to federal court. (Id.) On May 10, 2011, Plaintiff moved for a preliminary injunction seeking to prevent a foreclosure sale of the property, but withdrew that motion on May 12, 2011, stating that the sale originally scheduled for May 13, 2011, had been cancelled without any new date being scheduled. (Doc. No. 11.) On June 8, 2011, Plaintiff filed the present motion for a preliminary injunction, stating that the foreclosure sale had been re-scheduled for June 13, 2011. This Court heard oral argument on June 10, 2011, and denied the motion without prejudice from the bench, noting that this Memorandum Opinion would follow.

## II.   DISCUSSION

Plaintiff sought injunctive relief claiming that the foreclosure sale of the property at issue would constitute irreparable injury. Defendants disputed that assertion (along with others), noting that the property, while residential, was not Plaintiff's home, but rather a rental property, the loss of which, they argued, could be remedied with damages.

In any event, following a foreclosure sale, the defaulting mortgagor may redeem the property within six months of the sale. Minn. Stat. § 580.23, subd. 1(a). Moreover, "'[t]he title of the mortgagor does not pass by the foreclosure till his right of redemption expires.'" State v. Zacher, 504 N.W.2d 468, 471 (Minn. 1993) (internal quotation omitted). Thus, unless and until that six-month period passes without redemption by the mortgagor, no irreparable injury by loss of title to residential property has occurred.

Here, Plaintiff may not presently obtain preliminary injunctive relief precluding a foreclosure sale because no imminent threat of irreparable injury exists.  A preliminary injunction "is an extraordinary remedy never awarded as a matter of right."  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 376 (2008).  "'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'"  <u>Planned Parenthood Minnesota v. Rounds</u>, 530 F.3d 724, 732 n.5 (8th Cir. 2008) (*en banc*).  Thus, lack of irreparable harm will preclude preliminary injunctive relief regardless of the other factors.  <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 114 n.9 (8th Cir. 1981) (*en banc*).  And the requisite showing of irreparable harm may not be lessened to a mere "'possibility' of irreparable harm" based upon "a strong likelihood of prevailing on the merits."  <u>Winter</u>, 555 U.S. at __, 129 S. Ct. at 375.

The Court thus denies Plaintiff's motion as premature.  The denial is, of course, without prejudice to any renewal of a request for such relief if and when Plaintiff in fact faces imminent irreparable injury.

**III.   ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for a preliminary injunction [Doc. No. 16] is **DENIED WITHOUT PREJUDICE**.

Dated:  July 1, 2011       s/ Susan Richard Nelson
                                                               SUSAN RICHARD NELSON
                                                               United States District Judge