UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter J. Bazil,                                                         Civil No. 11-1206 (SRN/LIB)

             Plaintiff,

       v.                                                       **MEMORANDUM OPINION
                                                             AND ORDER**

Wells Fargo Bank, N.A., f/k/a Wachovia
Mortgage FSB; Wachovia Mortgage,
FSB, a North Carolina corporation;
MERSCORP, Inc., a Delaware
corporation; *et al.*,

             Defendants.

___

David J. Wymore, and Jesse H. Kibort, Daniels & Wymore, PLLC, 3165 Fernbrook Lane North, Plymouth, MN 55447, for Plaintiff.

Charles F. Webber, and Erin L. Hoffman, Faegre & Benson LLP, 90 South Seventh St., Suite 2200, Minneapolis, MN 55402-3901, for Defendant Wells Fargo Bank, N.A.

___

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Doc. No. 14]. For the reasons stated below, this Court grants the motion and dismisses the Amended Complaint with prejudice.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

      Plaintiff Peter Bazil originally filed this action in state court on April 4, 2011, alleging various improprieties with respect to the refinancing of a mortgage loan for residential real property he owned. The property at issue is located in Eden Prairie, Minnesota. It is not Bazil's residence; rather, he rents the property. His Amended

Complaint raises 13 claims[1] arising out of this refinancing transaction, including claims under various Minnesota statutes and common-law theories. Bazil seeks damages, a declaration that Bazil may rescind the mortgage refinancing transaction, and an injunction against the sale of his property at foreclosure.

In June 2011, this Court denied without prejudice Bazil's request for an injunction, finding that Bazil had failed to establish irreparable harm from the sheriff's sale of his property because the post-sheriff's sale redemption period had not yet expired. The only remaining Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), now moves to dismiss Bazil's Amended Complaint in its entirety, arguing that the majority of the Counts are preempted by federal law, and that, if not preempted, the allegations in the Amended Complaint fail to state a claim on which relief can be granted.

## II.    DISCUSSION

### A.    Standard of Review

Bazil argues that Minnesota is a notice-pleading state, and thus that the Court must take his allegations as true and should not unduly scrutinize the Amended Complaint. The standards for a motion to dismiss under state law, however, are not relevant here. Rather, the Court evaluates this motion under the Federal Rules of Civil Procedure. And, although under Rule 12(b)(6), the Court does assume all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant, Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986), the Court need not

---

[1] The Amended Complaint's Counts are labeled from I to XII, but there are two Count IIIs. The parties refer to the second Count III as Count III-2.

accept as true wholly conclusory allegations, <u>Hanten v. Sch. Dist. of Riverview Gardens</u>, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).

      Moreover, the Supreme Court has recently embraced a more exacting scrutiny of pleadings under Rule 12(b)(6), holding that a complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).  Thus, although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  <u>Id.</u> at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under <u>Twombly</u>.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 555).  Rather, the Complaint must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  <u>Twombly</u>, 550 U.S. at 556.

      Finally, because there are public records involved in the consideration of this Motion, the Court notes that it may consider the Amended Complaint, matters of public record, orders, materials embraced by the Amended Complaint, and exhibits attached to the Amended Complaint in deciding a motion to dismiss under Rule 12(b)(6).  <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B.     Preemption**

Wells Fargo contends that Counts I through IX of the Amended Complaint are preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 et seq. Bazil appears to concede that Counts I, II, III, and III-2 are preempted, arguing only that two of these four Counts are substantively sound and not addressing preemption with respect to these Counts. (Pl.'s Opp'n Mem. at 21, 27-32.)² If the claims are preempted, however, then the substantive soundness of those claims is simply not relevant.

It is clear that Counts I through IX are preempted and must be dismissed. Bazil does not dispute that, because his loan was originated through Wachovia Mortgage, FSB,³ a federal savings bank, the provisions of HOLA apply to his loan. See 12 U.S.C. § 1464(a)(1) (giving director of Office of Thrift Supervision the authority to issue regulations regarding "the organization, incorporation, examination, operation, and regulation of . . . Federal savings associations (including Federal savings banks)"). The HOLA regulations are unequivocal: the OTS intends its regulations to be "preemptive of any state law purporting to address the subject of the operations of a Federal savings association." 12 C.F.R. § 545.2.

Section 560.2 of the regulations outlines the preemptive scope of HOLA.

---

² In his discussion of the substantive merits of his claims, Bazil does not mention Counts I and III, thus apparently conceding that these Counts should be dismissed. At the hearing, however, Bazil insisted that he was contesting dismissal as to all Counts of his Amended Complaint on both preemption and substantive grounds, although he later conceded that Count II should be dismissed. To avoid any confusion, the Court will discuss each Count in turn below.

³ In 2009, Wachovia Mortgage merged into Defendant Wells Fargo.

Paragraph (a) provides that "federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities."  Id. § 560.2(a).  Paragraph (b) lists examples of the types of state laws that HOLA preempts, including those purporting to regulate the "terms of credit, . . . amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan . . . ."  12 C.F.R. § 560.2(b)(4).  Also preempted are state laws relating to "[l]oan-to-value ratios," id. § 560.2(b)(3); "[l]oan-related fees, including without limitation initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees," id. § 560.2(b)(5); "[d]isclosure and advertising, including laws requiring specific statements, information or other content . . .," id. § 560.2(b)(9); "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," id. § 560.2(b)(10); and "interest rate ceilings," id. § 560.2(b)(12).

In short, as the Eighth Circuit has recognized, the OTS intends to "'occupy the entire field of lending regulation'" for federal savings banks such as Wachovia Mortgage, now Wells Fargo.  Casey v. F.D.I.C., 583 F.3d 586, 592-93 (8th Cir. 2009) (quoting 12 C.F.R. § 560.2(a)).  The only state laws that are not preempted are those that "only incidentally affect the lending operations of Federal savings associations."  12 C.F.R. § 560.2(c).

Initially, Bazil seems fundamentally to misunderstand the preemptive scope of HOLA.  He argues repeatedly that, because he is contending that Wachovia lied to him by

5

failing to disclose certain lending terms to him, his claims cannot be preempted because preemption would mean that mortgage originators covered by HOLA can lie by omission, with impunity. The problem is that Bazil's claims are not as he describes them. Rather, he asserts that Wachovia violated state standards of conduct or state laws by failing to disclose to him certain lending terms. Such claims are squarely preempted. It is important to note that not all potential claims against a federal savings bank are preempted. A properly pled claim for fraud, for instance, although not pled here, might not be preempted. Claims regarding the failure to make certain lending disclosures, however, fall squarely within the preemptive sweep of HOLA and, as discussed in more detail below, must therefore be dismissed.

> To determine whether a state law is preempted by HOLA, the Court must first:
>
> determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

61 Fed. Reg. 50951-01, 50966-67 (Sept. 30, 1996).

Whether or not Bazil concedes preemption as to Counts I and III, there can be little doubt that these Counts are preempted. Count I claims a violation of Minn. Stat. § 58.137, a law regulating prepayment penalties. This claim is clearly preempted by 12 C.F.R. § 560.2(b)(5), which preempts state laws relating to prepayment penalties. Similarly, Count III claims a violation of Minn. Stat. § 58.13, which regulates the conduct

of a residential mortgage servicer or originator.  But HOLA occupies the entire field of regulation for the conduct of federal savings bank mortgage servicers or originators, including the specific conduct about which Bazil complains.  Count III is preempted.

Count II contends that Wachovia violated Minn. Stat. § 58.161, which provides that mortgage brokers have a duty of agency towards borrowers.  Bazil alleges that Wachovia violated the statute in a number of ways, including by allegedly misrepresenting the terms of the loan, negligently determining Bazil's debt-to-income ratio, requiring a prepayment penalty, and offering a loan-repayment program without full disclosures regarding the ramifications of that program.  (Am. Comp. ¶ 79.)  All of the complained-of activities, however, are specifically preempted by paragraph (b) of 12 C.F.R. § 560.2, and Count II must be dismissed.

Count III-2 alleges that Wells Fargo violated Minn. Stat. § 58.13 by allegedly offering Bazil a "reverse mortgage."  Putting aside Wells Fargo's contention that the loan documents belie Bazil's claim that his mortgage was a reverse mortgage, HOLA clearly preempts this state law, because it relates to the "terms of credit" and the loan's amortization.  12 C.F.R. § 560.2(b)(4).  This Count must be dismissed.

Count IV claims a violation of Minnesota's Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44.  Again putting aside the substantive challenge to this Count, it is clear that HOLA preempts these claims under the MDTPA.  Bazil alleges that Wells Fargo violated the MDTPA by, inter alia, misrepresenting the terms of the loan, offering a reverse mortgage, determining his debt-to-income ratio, and requiring a

prepayment penalty. (Am. Compl. ¶ 128.) All of these allegations fall within the preemptive scope of 12 C.F.R. § 560.2(b). Count IV must be dismissed.

Count V raises a claim for breach of contract, claiming that Wells Fargo allegedly breached the terms of the mortgage and note by selling the mortgage and/or note into a "pool" of mortgages. Wells Fargo contends that it did not ever sell Bazil's mortgage and in fact still owns that mortgage, but regardless, this claim is preempted.[4] HOLA preempts all claims that relate to the "sale or purchase of" mortgages. 12 C.F.R. § 560.2(b)(10). This claim must be dismissed.

Counts VI through IX complain of various misrepresentations, including regarding disclosures, loan terms, amortization, prepayment penalties, and the like. All of the alleged misrepresentations relate to items specifically covered in paragraph (b). These Counts are likewise preempted and will be dismissed.

## C.  Counts X, XI, and XII

Count X raises a violation of Minn. Stat. §§ 550.18, 580.03, and 580.07. In his opposition papers, Bazil now contends only that Wells Fargo violated § 580.02. (Pl.'s Opp'n Mem. at 35).

---

[4] Wells Fargo also argues that there is no provision in the note or mortgage that prohibits the sale or assignment, and thus that Bazil's breach of contract claim fails on its face. Bazil's only response to this argument is that he has not examined the note or the mortgage to determine whether either document prohibits the complained-of sale or assignment. Aside from whether counsel's failure to read the contracts on which he based a breach-of-contract claim comports with the pre-filing investigation requirements of Rule 11, Bazil's response is troubling because both the note and the mortgage are attached to the Amended Complaint, as well as to Bazil's memorandum in support of his motion for a preliminary injunction. (Am. Compl. Ex. 2, 4 (Docket Nos. 1-3, 1-4); Kibort Aff. Ex. 2, 4 (Docket No. 19).)

Section 580 concerns foreclosure requirements for foreclosure by advertisement. Section 580.02 specifically requires that a lender meet four prerequisites before foreclosing. The only prerequisite at issue here is the requirement "that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded." Minn. Stat. § 580.02(3). Wells Fargo maintains that the public records show no assignment, and that it complied with all of the requirements in § 580.02.

Bazil argues that because he alleged that there had been an assignment, the Court must accept that allegation as true despite the fact that the public records show no such assignment. Under Bazil's theory, the fact that the records show no assignment proves the violation of § 580.02, because he believes there was an assignment. But the Court need only accept plausible allegations as true; it need not make every logical and inferential leap the pleadings ask it to make.

The sheriff's certificate of sale shows both that the mortgage was properly recorded and that there has been no assignment of the mortgage. Minnesota law specifies that a sheriff's certificate of sale "shall be prima facie evidence that all the requirements of law in that behalf have been complied with . . . ." Minn. Stat. § 580.19. Bazil has offered nothing more than speculation regarding the authenticity of the sheriff's certificate, and speculation does not suffice to rebut this prima facie evidence. Wells Fargo complied with the requirements of Minnesota law for foreclosure by advertisement and Bazil's claim under § 580.02 must be dismissed.

Because none of Bazil's substantive claims have any merit, he cannot succeed in

his request either for a declaratory judgment or an injunction.  In the absence of an actual dispute between the parties, this Court has no jurisdiction to entertain a request for equitable relief.  See MedImmune, Inc. v. Genentech, Inc., 548 U.S. 118, 126 (2007) (noting that Declaratory Judgment Act provides for declaratory judgments only in cases "of actual controversy"); see also Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (holding that injunctive relief may not issue absent a showing of likelihood of success on the merits of the plaintiff's claims).  Counts XI and XII must also be dismissed.

### III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Wells Fargo Bank's Motion to Dismiss [Doc. No. 14] is **GRANTED**; and

2. The Amended Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Sept. 22, 2011                           s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge